ROBERT BENNETT
Avenida Paseo de la Reforma 27, Interior 911
Colonia Tabacalera
Ciudad de México, México 06030
Tel: 52-55-5035-8515

Defendant

FILED
NOV 15 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTHERN CALIFORNIA

JADEADA GARLIPP, CALEB GARLIPP, LILLIAN PHAETON, PARIS ALEXANDER, and JAMES ALEXANDER,

    Plaintiffs,

v.

ROBERT BENNETT, BERNIE MENDIA, and DOES 1 - 10,

    Defendants.

Case No. C18-6917

Alameda County Superior Court
Case No.: RG18926223

**NOTICE OF REMOVAL OF STATE COURT ACTION**

Pursuant to 28 USC §§ 1332, 1441, and 1446, defendant Robert Bennett hereby removes this case, and all claims and causes of actions herein, from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. In support of this Notice of Removal, defendant Robert Bennett sets for the following grounds for removal:

1. On October 26th 2018 the above named Plaintiffs commenced a civil action in the Superior Court of the State of California for the County of Alameda captioned *Garlipp v. Bennett, et al.*, Case No.: RG18926223 (the "State Court Action").

2. This Notice of Removal is timely under 28 USC § 1446(b) because it is filed within thirty days of the complaint having been filed in state court.

3. Grounds for removal to the United States District Court for the Northern District of California are predicated on 42 USC § 1332 - diversity of citizenship. Defendant Robert

Bennett is domiciled in Mexico and defendant Bernie Mendia is also domiciled in Mexico. As such, no defendant shares state citizenship with any of the Plaintiffs. The amount in controversy is over the threshold amount of $75,000. Plaintiffs are engaged in a "shake-down" of Defendants to extort through the judicial system anything that they can from them, as all of the Plaintiffs to the action are poverty-stricken individuals seeking a "way out" of their unfortunate situation.

4. Under California Code of Civil Procedure § 430.90, the State Court loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless the action is remanded back to the state court.

5. Defendant Robert Bennett will promptly serve a copy of this Notice of Removal on counsel for Plaintiffs and pursuant to 28 USC § 1446(d) will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Alameda.

**JURISDICTION**

6. This action is within the original jurisdiction of this Court under 28 USC § 1332.

7. This case is removable under 28 USC § 1441. Under 28 USC § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a state curt of which he district courts of the United States have original jurisdiction, may be removed…to the district court of the United States…embracing the place where such action is pending."

8. WHEREFORE, pursuant to 28 USC §§ 1332, 1441, and 1446, defendant Robert Bennett removes this action in its entirety from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.

Dated: November 15th 2018

Respectfully submitted,

_____
Robert Bennett, Defendant

Erik Bauman SBN 293255
THE LAW OFFICE OF ANDREW SERROS
2120 University Ave. Suite 730
Berkeley, California 94704
510-500-5888
erikb@serros-law.com
Attorney for Plaintiffs

FILED
ALAMEDA COUNTY
OCT 26 2018
CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
UNLIMITED JURISDICTION

JADEADA GARLIPP, CALEB GARLIPP, LILLIAN PHAETON, PARIS ALEXANDER, and JAMES ALEXANDER

Plaintiff,

vs.

ROBERT BENNETT, BERNIE MENDIA, and DOES 1-10.

Defendants.

Case No.: RG18926223

COMPLAINT FOR DAMAGES:
1. Breach of warranty of habitability
2. Breach of covenant of quiet enjoyment
3. Negligence
4. Nuisance
5. Violation of Oakland Eviction Ordinance
6. Violation of Oakland Tenant Protection Ordinance

JURY TRIAL DEMANDED

Plaintiffs JADEADA GARLIPP, CALEB GARLIPP, LILLIAN PHAETON, PARIS ALEXANDER, and JAMES ALEXANDER complain against defendants ROBERT BENNETT, BERNIE MENDIA and DOES 1-10, inclusive and each of them; and alleges as follows:

## THE PARTIES

1. Plaintiffs Jadeada and Caleb Garlipp have been tenants at 1432 12th Avenue Oakland, CA 94606 (hereafter called the "Subject Property"), Apartment 2, for seven years.

2. Plaintiff Lillian Phaeton has been a tenant at the Subject Property, Apartment 4, for seventeen years.

3. Plaintiff James Alexander is an elder under California Law and has been a tenant at the Subject Property, Apartment 1, for sixteen years.

4. Plaintiff Paris Alexander has been an authorized subtenant of his step-dad, James Alexander, at the Subject Property, Apartment 1, for sixteen years.

5. On information and belief, Defendant Robert Bennett was at all relevant times an individual living in Alameda County, California and was the Owner of the Subject Property.

- 1 -

6. On information and belief, Defendant Bernie Mendia was an individual residing in and doing business in Alameda County, and was an agent of Robert Bennett, since the summer of 2017. He has represented to Plaintiffs that he is an attorney.

7. DOES 1-10 were agents or co-conspirators of the other Defendants, and will be named once their identities are ascertained.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action as the causes of action asserted herein are brought under the laws of the State of CA.

9. This action in an unlimited civil case as the amount in controversy exceeds $25,000.

10. Venue in proper in this jurisdiction because the acts complained of occurred in and the parties either reside or resided in Alameda County at the times complained of.

## FACTUAL ALLEGATIONS

11. Plaintiffs are all tenants at the subject property with written leases. The landlord is responsible for the water bill for all units, electricity and gas for common areas, and the tenants pay individual PG&E gas bills for their units.

12. For many years Defendant Bennett has let the property as a whole deteriorate, only arranging repairs in individual units when something critical would break. These repairs were often unreasonably delayed from the time they were requested.

13. Around July of 2017, Defendant Mendia began coming to the property. Plaintiffs advised Defendant Mendia of the issues at the building. Around November 2017, he told Defendant Phaeton that he would get the tenants kicked out by having the building yellow and red tagged. He did not make any offer for them to move, but told them that the building was unsafe and would be condemned. At no time did he inform them of their rights as tenants, including that they would be entitled to relocation payments from the owner if the building were condemned. When asked about relocation, he said "oh, we don't have enough equity in the place for that. You'll have to sue us for that." Defendant Mendia refused to give Plaintiffs a business card or other means of identifying and contacting him at that time.

14. Plaintiffs were informed that Defendant Mendia was Defendant Bennett's lawyer. On information and belief, Bernie Mendia is not a lawyer.

15. Shortly after Defendant Mendia's visits began in summer of 2017, all repairs were stopped at the property.

16. Plaintiff Jadeada Garlipp lives with her husband, Plaintiff Caleb Garlipp, and their children. They have resided in their unit for seven years, and their rental rate is $950 dollars per month.

17. The Garlipp unit had numerous long standing habitability violations, including improperly installed plumbing and electrical fixtures, excessive and dangerous wear throughout the apartment due to age, exposed spliced wires, illegal remodeling, peeling paint, windows without locks, and water leaks. Defendant Bennett had actual and constructive knowledge of these conditions for at least four years.

18. The Garlipp unit has lacked hot water for several months months. Kayla Garlipp notified Defendants and their agents immediately when this began, but there has been no repair and no response.

19. Plaintiffs Paris Alexander and James Alexander have been tenants for 16 years, and their combined rental rate is $900 per month for their unit.

20. The Alexander unit has also had longstanding habitability violations, including improper and uninspected construction work to illegally remodel the unit, excessive and dangerous wear due to age, peeling paint, exposed wire splices on lights, improper plumbing and electrical work, lack of window locks, broken windows, lack of ventilation, improper front door lock, an illegally remodeled bathroom that fails to meet code requirements, improper doorway and ceiling height, no air exchange at all in the bathroom, improperly installed floors, and constant water flow from the tub spout combined with a drainage failure that forces Plaintiffs to bail out water from the tub regularly. Defendant Bennett had actual and constructive knowledge of these conditions for at least four years.

21. The Alexander unit has also lacked hot water for months, and is still without hot water as of the date of filing.

22. Plaintiff Phaeton has been in her unit for 17 years, and her rental rate is $995 per month.

23. The Phaeton unit has also had longstanding habitability issues, including improperly installed flooring, cracked sink, lack of smoke detector, unprofessional repairs, and improper plumbing and electrical work. Defendant Bennett had actual and constructive knowledge of these conditions for at least four years.

24. The exterior of the building also has severe habitability problems, including peeling paint, improper guard rails on stairways, overgrown plants and accumulation of dead plant matter, dilapidated gutters that are detaching or missing, sewer vent lines improperly terminated below the roof line, wood-soil contact, dilapidated siding, pigeon infestation, missing downspouts, discarded lumber in the basement, and flooding in the basement. Defendant Bennett had actual and constructive knowledge of these conditions for at least four years.

25. Plaintiffs brought all habitability issues to Defendants' attention once again in May 2018, but there have been no repairs or response.

26. Defendants or their agents took action to turn off the water at the street, apparently damaging the water main to the house and stopping all water in the building. EBMUD made repairs and restored water to the premises. On information and belief, this was done intentionally to drive Plaintiffs out. Plaintiffs notified Defendants of the water problems immediately.

27. Defendants stopped paying the PG&E bill without telling Plaintiffs, causing thousands of dollars in charges to accumulate and a shut off notice to be issued. PG&E allowed Plaintiff Phaeton to put the bill in her name and pay future charges, though a substantial balance is still on the account. This failure to pay was done intentionally for the purpose of driving the tenants out. Plaintiffs suspect the water bill is also unpaid, and fear for when a notice is delivered that all water will be shut off.

28. Defendant Mendia has tried to intimidate and otherwise influence Plaintiffs to vacate without any compensation or reason since he first came to the property, which Plaintiffs

found harassing and threatening to their homes. The actions and inaction since Mr. Mendia arrived demonstrate bad faith conduct to constructively evict Plaintiffs.

29. While all Plaintiffs remain in the property, they are all in fear of what Defendants will try next, or what will break next without any repair.

30. Plaintiffs have not contributed to the conditions complained of, and have met their responsibilities as tenants. Tenants have withheld rent after conditions deteriorated and it became clear repairs were not forthcoming, which is appropriate under *Green v. Superior Court* (1974) 10 Cal.3d 616.

31. These actions have not only been financially harmful to Plaintiffs in terms of expenses and overpaying rent for uninhabitable conditions, but also have inflicted emotional and mental damage in the form of stress, anxiety, embarrassment, worry, fear, lack of sleep, headaches, all to their detriment. Plaintiff James Alexander, after weeks without hot water, developed a staph infection and was hospitalized. In an unrelated incident, Plaintiff Paris Alexander suffered spinal damage, and the habitability issues at his home may seriously complicate his recovery.

32. Defendants have acted in concert with each other towards the end of forcing Plaintiffs to vacate, and in taking their actions each was acting as an agent and co-conspirator of the others.

33. In early morning October 21, 2018, Defendants arrived at the Subject Property with police regarding another occupant who is not a Plaintiff in this suit. Defendants Mendia and Bennett were personally present at the property. Plaintiffs reiterated their complaints to Defendants, but received no response or promise to make repairs.

**FIRST CAUSE OF ACTION**
**Breach of Warranty of Habitability**
**All Plaintiffs Against All Defendants**

34. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 to 33 of this complaint, inclusive.

35. As alleged above, the rental agreements entered into between Plaintiffs and

- 5 -

Defendant Bennett included the implied warranty of habitability that the Subject Premises would be kept in a habitable condition. Defendants, by their conduct as alleged above, breached said warranty of habitability.

36. During Plaintiffs' tenancies, numerous unsafe, defective, and unhealthy conditions existed at the Subject Premises.

37. Defendants had actual or constructive knowledge of all such conditions, and failed to correct them at all or failed to correct them in a timely manner.

38. As a direct, proximate and foreseeable result of said breach by Defendants, Plaintiffs suffered damages as alleged above, according to proof at trial.

## SECOND CAUSE OF ACTION
### Breach of Covenant of Quiet Enjoyment
### All Plaintiffs Against All Defendants

39. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 to 33 of this complaint, inclusive.

40. Defendants, by their conduct alleged above, breached the covenant of quiet enjoyment as embodied in California Civil Code § 1927 and implicitly present in all residential leases.

41. Defendants by their acts and omissions breached the warranty of quiet enjoyment by their harassing conduct and by allowing the uninhabitable conditions described above to persist and worsen despite having ample time and opportunity to correct them.

42. As a direct and proximate result, Plaintiffs suffered damages in an amount to be proved at trial.

## THIRD CAUSE OF ACTION
### Negligence and Negligence Per Se
### Against All Defendants

43. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 to 33 of this complaint, inclusive.

44. Defendants are responsible not only for the results of their willful acts, but also

for any injuries occasioned to Plaintiffs by their want of ordinary care or skill in the management of their property or persons. All Defendants owed Plaintiffs a duty of care to avoid injuring or allowing foreseeable injury to the persons and property of Plaintiffs.

45. As a result of Defendants' conduct as alleged above, Defendants breached their duties to Plaintiffs and said breaches were the direct, proximate and legal cause of injuries suffered by Plaintiffs.

46. Additionally, as alleged in this Complaint, Defendants violated statutes and ordinances enacted for the purpose of protecting Plaintiffs as tenants and members of the public. These include but are not limited to the Oakland Eviction Ordinance and Tenant Protection Ordinance.

47. As such Defendants are liable to Plaintiffs for all damages proximately, directly, and legally caused by said violations under a theory of negligence per se.

48. Plaintiffs are therefore entitled to an award of damages to compensate for the damages Defendants' breach of duty of care and violations of statutes and ordinances caused, including emotional damages, according to proof at trial.

## FOURTH CAUSE OF ACTION
### Nuisance
### All Plaintiffs Against All Defendants

49. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 to 33 of this complaint, inclusive.

50. Plaintiffs, by virtue of their rental of the Subject Premises, had, at all relevant times, a property interest in the Subject Premises.

51. Defendants' conduct in creating a nuisance and maintaining the Property in the manner described above was injurious to Plaintiffs' health, offensive to their senses, and interfered with their comfortable enjoyment of life, personal property, and interest in the Property. Defendants created and/or maintained a nuisance therein.

52. As a direct, proximate and foreseeable result of the conduct of Defendants, as set forth above, Plaintiffs suffered special and general damages as set forth herein and according to

proof at trial.

53. Defendants' conduct in maintaining the subject premises in a hazardous, unhealthy and offensive state, despite notice and warning of said conditions, was knowing, willful, intentional and malicious. Therefore, Plaintiffs request punitive damages to be proven at trial

### FIFTH CAUSE OF ACTION
### Violation of Oakland Municipal Code § 8.22.300 et seq (Eviction Ordinance)
### Against All Defendants

54. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 to 33 of this complaint, inclusive.

55. Defendants, as alleged above, have wrongfully endeavored to recover possession from Plaintiffs in violation of OMC 8.22.360 by both their harassing and unlawful behavior to drive Plaintiffs from their units, as well as making misrepresentations to legally pressure Plaintiffs into vacating.

56. Defendants acted in knowing or reckless disregard of the Ordinance when taking their actions.

57. Plaintiffs are entitled to actual damages, including damages for mental and emotional distress, as well as attorney fees and treble damages.

///

### SIXTH CAUSE OF ACTION
### Violation of Oakland Municipal Code § 8.22.600 et seq (Tenant Protection Ordinance)
### All Plaintiffs Against All Defendants

58. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 to 33 of this complaint, inclusive.

59. As alleged above, Defendants acted in bad faith when they failed to perform necessary repairs more than 15 days after receiving notice and substantially and directly interfered with Plaintiffs' right to quiet enjoyment. Defendants also interrupted Plaintiffs' housing services in the form of water and electric. Defendants either knew or acted with reckless

disregard to the fact that their actions were in violation of OMC § 8.22.600 et seq.

60. Also as alleged above, Defendants engaged in harassing behavior and retaliated against Plaintiffs for asserting their rights to repairs.

61. As a result of said violations of OMC § 8.22.600 et seq, Plaintiffs are entitled to all remedies and damages provided therein, specifically, but not limited to, those provided in OMC § 8.22.670 and Civil Code § 3294, including treble and exemplary damages.

### CLAIM FOR PUNITIVE DAMAGES
### Civil Code § 3294
### Against All Defendants

62. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 to 33 of this complaint, inclusive.

63. Defendants' conduct as alleged was malicious, fraudulent, and oppressive as defined in Civil Code § 3294. Accordingly, Plaintiffs should recover, in addition to all compensatory damages, punitive damages to deter similar conduct in the future, make an example of Defendants, and punish Defendants.

64. Defendants' conduct was malicious and oppressive because it took advantage of Plaintiffs' vulnerability as a tenant, and their inability to make corrections themselves. It was fraudulent due to the misrepresentations of Bernie Mendia as to their legal rights and the state of the property.

WHEREFORE, Plaintiffs make the following prayer for relief:

1. For an award of general damages in an amount to be proven at trial;
2. For an award of special damages in an amount to be proven at trial;
3. For punitive damages in an amount necessary to punish defendants as permitted by law;
4. For statutory damages pursuant to all applicable statutes and ordinances, including, but not limited to the Tenant Protection Ordinance and Civil Code §1942.4;
5. For costs of the suit herein incurred, including but not limited to reasonable attorney

fees, as permitted by applicable laws and ordinances;

6. For interest upon such damages as permitted by law;

7. For such other and further relief as the Court may deem proper.

DATED: 10/24/18

Erik Bauman
Attorney for Plaintiff