UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADEADA GARLIPP, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROBERT BENNETT,<br><br>    Defendant. | Case No. 18-cv-06917-JSC<br><br>**ORDER OF REASSIGNMENT; REPORT AND RECOMMENDATION TO REMAND**<br><br>Re: Dkt. No. 3 |

Plaintiffs Jadeada Garlipp, Caleb Garlipp, Lillian Phaeton, Paris Alexander, and James Alexander sued Defendants Robert Bennett and Bernie Mendia in Superior Court of the State of California for the County of Alameda alleging six causes related to Plaintiffs' tenancy in a building owned by Defendant Bennett. (Dkt. No. 1 at 3.)[1] Defendant Bennett removed the action to this Court based on diversity jurisdiction. (*Id.* at 2.) Now pending before the Court are Plaintiffs' unopposed[2] motion to remand and request for attorney's fees and costs. (Dkt. No. 3.) As the defendants have not consented to magistrate jurisdiction, this action must be reassigned to a district court judge. *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (holding that magistrate "jurisdiction cannot vest until the court has received consent from all parties to an action."). The Court thus vacates the hearing scheduled for January 17, 2019, and RECOMMENDS that the newly assigned district court judge REMAND this case for the reasons set forth below.

//

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Pursuant to Civil Local Rule 7-3(a), the opposition to a motion "must be filed and served not more than 14 days after the motion was filed." Defendant Bennett's opposition was due on December 27, 2018; he has not filed an opposition.

**DISCUSSION**

**I.     Motion to Remand**

Plaintiffs argue that this action must be remanded because: (1) Defendant Bernie Mendia "does not join in or consent to the removal" as required under 28 U.S.C. § 1446(b)(2)(A); and (2) Defendant Bennett's "claims of diverse citizenship are false." (Dkt. No. 3 at 3-4.) The Court addresses each argument in turn and concludes that remand is required.

**A.     Joinder of Defendant Mendia**

"All defendants who have been 'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (citing 28 U.S.C. § 1446(a))). Thus, joinder in a petition for removal is *not* required where service of process was defective. *See Destfino*, 630 F.3d at 957 ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective.").

According to a Proof of Summons filed on November 6, 2018 in the underlying Alameda County court action, Defendant Mendia was personally served with a copy of the summons, complaint, ADR package, and civil case cover sheet on November 3, 2018 at the subject property in Oakland, California.[3] *Garlipp, et al. v. Bennett, et al.*, Case No. RG18926223 (Alameda Cty. Super. Ct.); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue."). Because Defendant Mendia was properly served, he was required to join in or consent to removal. His failure to do so renders Defendant Bennett's removal defective.

**B.     Complete Diversity**

Diversity jurisdiction under 28 U.S.C. § 1332 requires both complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. The party

---

[3] Defendant Bennett was personally served with a copy of the summons, complaint, ADR package, and civil case cover sheet in the underlying action on October 26, 2018 at the subject property in Oakland, California. *See Garlipp, et al. v. Bennett, et al.*, Case No. RG18926223 (Cal. Super. Ct.).

2

seeking removal "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Pursuant to 28 U.S.C. § 1446(a), the party's notice of removal requires a "short and plain statement of the grounds for removal." Section "1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," thus, "courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H. R. Rep. No. 100–889, p. 71 (1988)). The Ninth Circuit is clear, however, that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiffs do not challenge the amount in controversy requirement but insists that complete diversity is lacking because all parties are domiciled in California. Defendant Bennett's notice of removal asserts that both defendants are domiciled in Mexico, and thus "no defendant shares state citizenship with any of the Plaintiffs." (Dkt. No. 1 at 1-2.) At first glance, Defendant Bennett's notice of removal would appear to satisfy the "short and plain statement" requirement under section 1446. However, Plaintiffs' counsel submitted a declaration in support of remand stating that Defendant Bennett's claim is false because Defendant Bennett "has never been a Mexican citizen and is not domiciled in Mexico," but lives instead "in Richmond, California." (Dkt. No. 3-1 at ¶ 6.) Similarly, Plaintiffs' counsel asserts that Defendant Mendia "is domiciled in Alameda County" and has conducted business in California under the name "Mendia and McDowell LLC, entity number 201400910227" since January 2014. (*Id.* at ¶¶ 3-4.) Plaintiffs' counsel bases these assertions "[o]n information and belief." *(See id.)* As to Defendant Bennett, counsel states:

> This belief is based on Plaintiffs' documented interactions with Mr. Bennett going back decades including his personal presence to address issues at the subject property, his telling Plaintiffs he lives in Richmond, California, and his owning the property at 1810 Coaling Ave, Richmond, CA 94801.

(*Id.* at ¶ 6.) Defendant Bennett has not opposed Plaintiffs' motion to remand, or otherwise communicated with the Court since filing his notice of removal.

As the Supreme Court has noted:

3

> The authority which the [removal] statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. ***If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof***.

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (emphasis added).

Here, Plaintiffs challenged Defendant Bennett's assertion of complete jurisdiction in an "appropriate manner" by filing a motion to remand. In support of their motion, Plaintiffs submitted a declaration setting forth facts suggesting that the defendants are not domiciled in Mexico. Defendant Bennett provides no opposition in response, and his notice of removal offers no proof of complete diversity beyond his "mere averment" that he and Defendant Mendia are domiciled in Mexico. Such a showing is insufficient to establish complete diversity. On the record before it, however, the Court cannot make a finding regarding where the defendants are *actually* domiciled. It is enough for purposes of the instant motion that the Court doubts that complete diversity exists based on Plaintiffs' showing. *See Gaus*, 980 F.2d at 566.

\*\*\*

The Court recommends that the district court judge grant Plaintiffs' motion to remand. Defendant Bennett's notice of removal is procedurally improper based on Defendant Mendia's failure to join in or consent to removal. Further, Defendant Bennett has not satisfied the Court that complete diversity exists.

## II.     Request for Attorney's Fees

Plaintiffs seek attorney's fees in connection with their motion to remand in the amount of $1,880.

"An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, the question is: would a reasonable litigant in Defendant Bennett's

4

shoes believe that removal was legally proper?

Given the factual dispute over Defendant Bennett's domicile, the Court cannot conclude that Defendant Bennett lacked an objectively reasonable basis for seeking removal. As previously discussed, it is unclear from the record where Defendant Bennett is actually domiciled. If Defendant Bennett is in fact domiciled in Mexico, then he had an objectively reasonable basis for seeking removal based on diversity jurisdiction. If, on the other hand, Defendant Bennett is domiciled in California, then he did not. The Court cannot make a factual finding either way on the record before it. The Court thus recommends that the district court judge deny Plaintiffs' request for attorney's fees.

## CONCLUSION

For the reasons set forth above, the Court recommends that the district court judge GRANT Plaintiffs' motion to remand and DENY Plaintiffs' request for attorney's fees. Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: January 15, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADEADA GARLIPP, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>ROBERT BENNETT,<br>　　　　Defendant. | Case No. 18-cv-06917-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Bennett
Avenida Paseo de la Reforma 27
Interior 911, Colonia Tabacalera
Ciudad de Mexico, Mexico 06030
,

Dated: January 15, 2019

　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　By:_____
　　　　　　　　　　Ada Means, Deputy Clerk to the
　　　　　　　　　　Honorable JACQUELINE SCOTT CORLEY